Dr. F. Dean Lillie Director, Community Colleges State Board for Community Colleges and Occupational Education 207 State Services Building Denver, Colorado 80203
Dear Dr. Lillie:
This is in reply to the inquiry transmitted through you from the Morgan Community College Council concerning the interpretation of statutes conferring powers upon the State Board with respect to community college presidents and councils.
QUESTION PRESENTED AND CONCLUSION
Can college councils exercise the duties imposed by statute in contravention of the will of the State Board for Community Colleges and Occupational Education?
My conclusion is "no."
ANALYSIS
The statutes are quite clear. Section 23-60-202(1) provides that the State Board "has the authority, responsibility, rights, privileges, powers and duties customarily exercised by the governing boards of institutions of higher education. . . ." That section then enumerates, but not by way of limitation, certain specific functions comprehended within this broad delegation of governing authority.
In contrast, the statute providing for the college council, §23-60-206(2), confers upon the college council no authority, no responsibility, no rights, no privileges, no powers, but only certain specified duties. These are duties only, not prerogatives, and through no twist of the statutory language can it be contended that the college council can execute any of these duties in a manner contrary to the will of the State Board, which is the governing board, and the only governing board, of the state system of community colleges.
Some of the duties conferred upon the college council are somewhat more than advisory in nature, but it is impossible to conclude that any of these functions can be exercised in defiance of the State Board. With specific reference to the employment of college chief executive, § 23-60-206(2)(a) makes it the duty of the college council to "employ" the chief administrative officer, but to do so only "subject to the prior approval of the board."
SUMMARY
State Board for Community Colleges is the only governing board for state system schools. College councils cannot exercise the duties imposed by statute in contravention of the will of the State Board.
Very truly yours,
 J.D. MacFARLANE Attorney General
EDUCATION, HIGHER STATUTES
C.R.S. 1973, 23-60-202
HIGHER EDUCATION, DEPT OF Comm. Coll. Occ. Ed. Bd.
State Board for Community Colleges is the only governing board for state system schools. College councils cannot exercise the duties imposed by statute in contravention of the will of the State Board.